FILED

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2023 MAY 24 PM 2:33

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO

Provided to Madison C.I. on 5/22/23 for mailing by WR Initials JR

| UNITED STATES DISTRICT COURT: MIDDLE DISTRICT OF FLORIDA - ORL | |
|---|---|
| Name (under which you were convicted): <br> **JULIO MORALES RIVERA** | Docket or Case No.: |
| Place of Confinement : <br> **Madison Correctional Institution** <br> **382 MCI Way, Madison FL 32340** | Prisoner No.: <br> # X62207 |
| Petitioner (include the name under which you were convicted) <br> **Julio Morales Rivera**    v. | Respondent (authorized person having custody of petitioner) <br> **Sec'y Fla. Dep't of Corr.** |
| The Attorney General of the State of: **FLORIDA** | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Circuit Court of the Ninth Judicial Circuit – Orange County, FL

   (b) Criminal docket or case number (if you know): 2014-CF-1549

2. (a) Date of the judgment of conviction (if you know): September 19, 2014

   (b) Date of sentencing: September 19, 2014

3. Length of sentence: Count-1 (Life); Count-2 (15 years); Count-3 (Life), All Concurrent.

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Count 1: Murder in the First Degree (§§782.04(1); 775.087) – Capital Felony

   Count 2: Conspiracy to Commit Murder (§§787.01; 777.04(3)) – Second Degree Felony

   Count 3: Kidnapping (§787.01) – First Degree PBL Felony

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty          ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty              ☐ (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

   (c) If you went to trial, what kind of trial did you have? (Check one)

   ☒ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

　　☑ Yes　　☐ No

8. Did you appeal from the judgment of conviction?

　　☑ Yes　　☐ No

9. If you did appeal, answer the following:

　(a) Name of court: Fifth District Court of Appeal

　(b) Docket or case number (if you know): 5D14-3517

　(c) Result: Per Curium Affirmed (no written opinion)

　(d) Date of result (if you know): June 28, 2015 / Mandate: 8/21/2015

　(e) Citation to the case (if you know): *Morales-Rivera v. State*, 171 So.3d 737 (Fla. 5th DCA 2015)

　(f) Grounds raised: I. Whether the trial court erred in denying (Petitioner's) motion for Judgment of Acquittal.

　(g) Did you seek further review by a higher state court?　☐ Yes　☑ No

　　　If yes, answer the following:

　　　(1) Name of court: N/A

　　　(2) Docket or case number (if you know): N/A

　　　(3) Result: N/A

　　　(4) Date of result (if you know): N/A

　　　(5) Citation to the case (if you know): N/A

　　　(6) Grounds raised: N/A

　(h) Did you file a petition for certiorari in the United States Supreme Court?　☐ Yes　☑ No

　　　If yes, answer the following:

　　　(1) Docket or case number (if you know): N/A

　　　(2) Result: N/A

　　　(3) Date of result (if you know): N/A

　　　(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?           ☑ Yes        ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court: Circuit Court - 9th Jud. Cir., Orange County, Fla.

        (2) Docket or case number (if you know): 2014-CF-1549

        (3) Date of filing (if you know): May 11, 2016 (Mailbox Rule), (Amended on May 18, 2016)

        (4) Nature of the proceeding: Rule 3.850 Motion for Postconviction Relief

        (5) Grounds raised: Three Grounds alleging constitutionally Ineffective Assistance of Counsel for:

            (I) Failing to investigate, Interview and present the testimony of Exculpatory witnesses.

            (II) Failing to Adequately prepare and/or present an alibi defense/witness.

            (III) Failing to Adequately convey and negotiate a plea offer from the State.

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☑ Yes ☐ No

        (7) Result: Denied

        (8) Date of result (if you know): August 9, 2021

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised:

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?    ☐ Yes        ☐ No

        (7) Result: _____

        (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   ☐ Yes   ☐ No

(7) Result:_____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:  ☐ Yes    ☐ No

(3) Third petition:   ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** THE TRIAL COURT ERRED IN DENYING PETITIONER'S MOTION FOR JUDGMENT OF ACQUITTAL (JOA) ON COUNTS 1-3

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____
THE TRIAL COURT ERRED IN DENYING A JUDGMENT OF ACQUITTAL AS TO COUNTS 1-3 (First Degree Premeditated Murder, Conspiracy to Commit Murder, and Kidnapping). The State failed to introduce sufficient evidence to prove – beyond reasonable doubt, each of the essential elements of the offenses charged. This is so because no evidence was introduced, other than presence at the scene of the crime at a time other than the time of death, showing that Petitioner participated as a Principal in the planning of a murder and kidnapping, and much less that he actually participated in committing the murder. As for the Kidnapping (CT-3), no evidence was introduced to prove - beyond reasonable doubt, that the victim was taken by Petitioner against his will. Considering the failure to identify Petitioner by the victim's daughter (Valeria), and that no other evidence existed tying Petitioner to the crime, there was insufficient evidence to link Petitioner directly to the crimes on counts 1-3 It is a well settled point of law, that mere presence at the scene of crime is insufficient to sustain a conviction. Therefore, the trial court's denial of the motion for a JOA, violated Petitioner's due process right to a fair trial under the Fifth and Six Amendments to the U.S. Constitution.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: Issue was raised, however inartfully, by Appellate counsel in an Anders Brief which left it to the Appellate Court to review the record and decide the claim on the merits.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): N/A _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: In Florida, trial court errors are not cognizable in collateral postconviction proceedings under Fla.R.Crim.P. 3.850, and with very few exceptions, are confined to direct review proceedings.

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: None

**GROUND TWO:** COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE, INTERVIEW, AND PRESENT TESTIMONY OF NECESSARY EXCULPATORY WITNESSES

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

Petitioner made trial counsel fully aware of facts which conclusively refuted the State's charges and witnesses who were known and available to testify in support of of those exculpatory facts.

Significantly, a key component of the State's case involved the allegation that Petitioner exchanged a flury of calls with Manuel Ayala on the day of the crime between the hours of noon and 4:00pm, and that geolocation data from cell-sites placed Petitioner and Omar Manzano, first near the victim's residence, and later near the location of the murder. However, Petitioner informed police that he normally would lend the phone in question to Omar Manzano to use it for drug transactions. This well-known fact could have been verified by Solimar Camacho, who is the mother of Petitioner's children, if counsel would have bothered to investigate this fact and called Ms. Camacho to testify. Likewise, Lydia Ortiz, Petitioner's live-in partner was available, and could have testified as to Petitioner's custom and practice to lend his phone to Omar Manzano to "conduct business." Counsel never called these two witnesses to testify. As a result the jury heard no rebuttal testimony on these facts.

In addition to their testimony regarding Petitioner is custom of lending his phone to Omar Manzano, these two witnesses would have testified to facts seemingly small, yet relevant and material to clarifying or explaining inconsistent statements from Omar Manzano, which were self-serving and, as the record shows, were eventually rewarded by the State with a significantly lower sentence than the one imposed upon Petitioner.

Specifically, Ms. Camacho would have testified that in the morning of January 9, 2011, she delivered her children at Julian Guada's girlfriend's house for her to babysit them until Julian and Petitioner returned from their trip to Miami that day. They planned to purchase a significant amount of marijuana, which Petitioner believed would net him substantial profits. Ms. Ortiz would have, likewise, testified that Petitioner was

driving a blue Dodge Durango SUV, and not Petitioner's BMW, which was parked at his home due to mechanical issues. Counsel never called these witnesses, and the jury never heard these crucial details.

Finally, Julian Guada would have testified and confirmed that in the morning of January 9, 2011, he and Petitioner traveled to Miami to purchase a significant amount of marijuana, that they were in Miami at the time the crime allegedly occurred, and he would have testified that they returned to the Orlando area some time in the early evening of January 9, 2011. Accordingly, Mr. Guada's testimony would have exhonerated Petitioner of the charges against him.

Counsel was well-aware of the identity and where abouts of the above witnesses and failed to investigate, interview, and call them to testify for the defense. Moreover, while were still minors, Petitioner's sons (Gabriel and Julio), who were 10 and 12 years old respectively, would have also testified that they stayed at Julian Guada's girlfriend's house while Mr. Guada and Petitioner were in their one day trip to Miami on January 9, 2011.

In summary, trial counsel was informed by Petitioner of the identity, whereabouts, and availability of key witnesses whose testimony was essential to clarify and rebut the testimony from State witnesses, including the testimony of the State's star-witness (Omar Manzano). Moreover, counsel failed to call other known and available witnesses who would have provided relevant, material testimony necessary to create reasonable doubt in the minds of the jury.

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

    (2) If you did not raise this issue in your direct appeal, explain why: In Florida, claims of Ineffective Assistance of Counsel are generally not cognizable on direct appeal unless they are evident from the face of the record.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Rule 3.850 Motion for Postconviction Relief

    Name and location of the court where the motion or petition was filed: Circuit Court - 9th Judicial Circuit of Florida, Orange County, Florida

    Docket or case number (if you know): 2014-CF-1549

    Date of the court's decision: August 9, 2021

    Result (attach a copy of the court's opinion or order, if available): Denied

    (3) Did you receive a hearing on your motion or petition?    ☑ Yes  ☐ No

    (4) Did you appeal from the denial of your motion or petition?    ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: District Court of Appeal – Fifth District of Florida

Docket or case number (if you know): 5D21-2025

Date of the court's decision: November 8, 2022 (Mandate: 12/5/2022)

Result (attach a copy of the court's opinion or order, if available): Per Curiam Affirmed (Unpublished Opinion)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A (Issue was raised and exhausted in the state court of last result.)

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: None

**GROUND THREE:** COUNSEL WAS INEFFECTIVE FOR FAILING TO ADEQUATELY PREPARE AND/OR PRESENT AN ALIBI DEFENSE THAT RELIED UPON THE TESTIMONY OF JULIAN GUADA.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner hereby incorporates by reference the factual assertions provided in Ground - 2 herein, as it relates to the facts that would have been testified to by Julian Guada, a known and available witness who, by counsel's own admission, was being held in the Osceola County jail at the time of trial. The testimony of this alibi witness would have established that Petitioner was hundreds of miles from the scene of the murder when it occurred. Such testimony would have outright exhonerated Petitioner. Counsel, however, failed to interview and move the court to produce Julian Guada for trial, and failed to call him to testify. Counsel's negligent actions cannot be justified by his after-the-fact testimony at the 3.850 evidentiary hearing alleging that he spent substantial resources trying to locate the witness.

Perhaps more telling as to trial counsel's unreliable postconviction testimony is that in his haste to justify, and obfuscate, the truth of Petitioner's allegations, he overlooked a well-known fact, and testified that Julian Guada was likely deported by DHS-ICE. The problem with counsel's testimony in this respect is that Julian Guada is a Cuban-born citizen who, at the time in question, was not removable from the United States, even if legally deported. Therefore, Julian Guada was known, available, and would have testified that Petitioner was with him on January 9, 2011, in Miami, during the time the murder occurred.

More significantly, Counsel showed Petitioner, while sitting at the defense table at trial, the Osceola County jail website on his phone showing that Julian Guada was detained at the Osceola county jail at the time trial was taking place.

<u>There was, simply, no excuse for counsel's failure to move the court to produce Julian Guada to testify on behalf of Petitioner. As a result of counsel's negligence Petitioner was deprived of his constitutional guarantee involving the due process right to a fair trial, and to effective assistance of counsel under the Fifth, Sixth and Fourteen Amendments to the U.S. Constitution.</u>

(b) If you did not exhaust your state remedies on Ground Three , explain why: <u>N/A (Issue was raised and exhausted in the State court of last resort.)</u>

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

    (2) If you did not raise this issue in your direct appeal, explain why: <u>In Florida, claims of Ineffective Assistance of Counsel are generally not cognizable on direct appeal.</u>

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: <u>Rule 3.850 Motion for Postconviction Relief</u>

    Name and location of the court where the motion or petition was filed: <u>Circuit Court - 9th Judicial Circuit of Florida, Orange County, Florida</u>

    Docket or case number (if you know): <u>2014-CF-1549</u>

    Date of the court's decision: <u>August 9, 2021</u>

    Result (attach a copy of the court's opinion or order, if available): <u>Denied</u>

    (3) Did you receive a hearing on your motion or petition?   ☑ Yes ☐ No

    (4) Did you appeal from the denial of your motion or petition?   ☑ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: <u>District Court of Appeal – Fifth District of Florida</u>

    Docket or case number (if you know): <u>5D21-2025</u>

    Date of the court's decision: <u>November 8, 2022 (Mandate: 12/5/2022)</u>

    Result (attach a copy of the court's opinion or order, if available): <u>Per Curiam Affirmed (Unpublished Opinion)</u>

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A (Issue was raised and exhausted in the state court of last result.)</u>

Page 9 of 14

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: <u>None</u>

**GROUND FOUR:** COUNSEL WAS INEFFECTIVE FOR FAILING TO ADEQUATELY CONVEY A PLEA OFFER FROM THE STATE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>Trial counsel informed Petitioner that he was facing life in prison after the State had waved the death penalty. Subsequent to the State's waiver of the Death Penalty, counsel informed Petitioner that the State had made an offer that included dropping the murder charge in exchange for a guilty plea on the kidnapping, and conspiracy to commit kidnapping charges. Petitioner indicated to counsel that he was interested in the offer but that he wanted to know what kind of sentence he was looking at. Counsel promised to speak with the State and get the answer. Approximately two weeks later, counsel met with Petitioner and showed him a plea form showing a guilty plea for the charge of kidnapping and conspiracy to commit kidnapping. This Form, however, still lacked an agreed upon term of years. In response, Petitioner again asked consel to find out what sentence he would receive. Counsel said he would inquire of the State.</u>

<u>Counsel never informed Petitioner that the plea offer was for him to plea open to the Court on the two counts listed in the plea form. Likewise, counsel never made a good faith effort to make an offer to the State. Considering the sentence received by Petitioner's co-defendant (Omar Manzano), which was 15 years in prison pursuant to a negotiated plea agreement, it was only reasonable for counsel to make an offer to the State involving anywhere from 15 to 20 years' incarceration in exchange for Petitioner's guilty plea. This, however, never happened, and counsel never informed Petitioner of his effort to reach a good faith agreement with the State on the plea offer.</u>

<u>Much to Petitioner surprise, during a subsequent status conference, the trial court inquired as to whether there had been any plea negotiations, and counsel answered that the State made an offer but Petitioner "rejected it." That was not what had occurred.</u>

<u>The fact is that Petitioner very much wanted to reach an agreement with the State, but counsel failed to discharge his duty to advocate on behalf of Petitioner in good faith with the objective of reaching a resolution to the charges with a negotiated plea agreement. Furthermore, there is no evidencethat counsel even inquired of the State regarding a term of years in exchange for the entry of a guilty plea to the charges of kidnapping and conspiracy to commit kidnapping.</u>

<u>Petitioner affirmatively asserted in his sworn motion for postconviction relief, that had counsel been clear that the State's offer required the entry of an "open plea" to the court, he would have accepted the offer. This is so because the weak factual basis for the plea, and the dropping of the murder charge would have a material impact on the lower permissible sentence calculation in his CPC sentencing scoresheet. Thus, there is a reasonable probability that Petitioner would have received a less severe sentence than the one he received upon conviction at trial.</u>

<u>Therefore, counsel failed to communicate with Petitioner regarding the actual terms of the State's offer, and in doing so, allowed the offer to expire causing prejudice to Petitioner in the form of a life sentence, where it is reasonable to conclude that he could have received a less severe sentence upon the entry of an open plea to the Court.</u>

(b) If you did not exhaust your state remedies on Ground Three, explain why: <u>N/A (Issue was raised and exhausted in the State court of last resort.)</u>

(c) **Direct Appeal of Ground Four:**

 (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

 (2) If you did not raise this issue in your direct appeal, explain why: <u>In Florida, claims of Ineffective Assistance of Counsel are generally not cognizable on direct appeal.</u>

(d) **Post-Conviction Proceedings:**

 (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

  ☑ Yes  ☐ No

 (2) If your answer to Question (d)(1) is "Yes," state:

 Type of motion or petition: <u>Rule 3.850 Motion for Postconviction Relief</u>

 Name and location of the court where the motion or petition was filed: <u>Circuit Court - 9th Judicial Circuit of Florida, Orange County, Florida</u>

 Docket or case number (if you know): <u>2014-CF-1549</u>

 Date of the court's decision: <u>August 9, 2021</u>

 Result (attach a copy of the court's opinion or order, if available): <u>Denied</u>

 (3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

 (4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

 (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

 (6) If your answer to Question (d)(4) is "Yes," state:

 Name and location of the court where the appeal was filed: <u>District Court of Appeal – Fifth District of Florida</u>

 Docket or case number (if you know): <u>5D21-2025</u>

 Date of the court's decision: <u>November 8, 2022 (Mandate: 12/5/2022)</u>

 Result (attach a copy of the court's opinion or order, if available): <u>Per Curiam Affirmed (Unpublished Opinion)</u>

 (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A (Issue was raised and exhausted in the state court of last result.)</u>

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: <u>None</u>

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: <u>N/A</u>

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: <u>None</u>

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. <u>N/A</u>

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. <u>N/A</u>

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: <u>Public Defender's Office - 9th Jud. Cir., Orange County, Fla.</u>

    (b) At arraignment and plea: <u>Public Defender's Office - 9th Jud. Cir., Orange County, Fla.</u>

    (c) At trial: <u>David Carmichael, Esq., Boswell & Dunlap, P.A.</u>

    (d) At sentencing: <u>David Carmichael, Esq., Boswell & Dunlap, P.A.</u>

    (e) On appeal: <u>Allison A. Havens, Esq, APD - Public Defender - 7th Jud. Cir.</u>

    (f) In any post-conviction proceeding: <u>Pro se (Motion) Evidentiary Hearing: Jonathan Edwin Mills, Esq.</u>

    (g) On appeal from any ruling against you in a post-conviction proceeding: <u>Pro se</u>

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: <u>N/A</u>

    (b) Give the date the other sentence was imposed: <u>N/A</u>

    (c) Give the length of the other sentence: <u>N/A</u>

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

<u>Petitioner's judgment and sentence became final on July 28, 2015, upon the issuance of the appellate court order per curiam affirming the Judgment & Sentence (5D14-3517). The AEDPA 1-year period of limitations started to run on October 26, 2015, upon the expiration of the 90-day period in which to seek certiorari review in the U.S. Supreme Court.</u>

<u>The AEDPA clock was tolled on May 11, 2016, when Petitioner timely and properly filed a Rule 3.850 motion in state court after 198 days had elapsed in the AEDPA period of limitations. At that point, Petitioner had 167 days left in the AEDPA period of limitations. The AEDPA clock started to run again on December 5, 2022, upon the issuance of the Mandate in Petitioner's postconviction appeal from the denial of his Rule 3.850 motion (Case No. 5D21-2025)</u>

<u>Accordingly, as of December 5, 2022, Petitioner had a total of 167 days in which to timely file his §2254 Habeas Petition on or before May 22, 2023 (The actual deadline in May 21, 2023, but it falls on a Sunday).</u>

<u>Therefore, the instant Petition is timely filed.</u>

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: <u>Vacate the Judgment & Sentence, and Grant a New Trial in Orange County Criminal Case No. 2D14-CF-1549.</u>
or any other relief to which petitioner may be entitled.

<u>        N/A        </u><br>
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on <u>May 22, 2023</u>(month, date, year).

Executed (signed) on <u>May 20, 2023</u> (date).

[signature]<br>
Signature of Petitioner<br>
Julio A. Morales-Rivera (DC# X62207)

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.  <u>N/A</u>

Page 14 of 14